# HABEAS CORPUS (ARTICLE 11.07) RULES AND PROCEDURES

RECEIVED IN 82,432-02
COURT OF CRIMINAL APPEALS

JAN 20 2015

Abel Acosta, Clerk

Sec 3. (a) After final conviction in any felony case, other than a case in which the death penalty is imposed must be filed with the clerk of the court in which the conviction being challenged was obtained and the clerk shall assign the application to that court. When the application is received by that court, a writ of habeas corpus returnable to the Court Of Criminal Appeals shall issue by operation of law. The Clerk of that court shall make appropriate notation thereof, assign to the case a file number (ancillary to that of the conviction being challenged) and forward a copy of the application by certified mail, return receipt requested, by secure electronic mail, or by personal service to the attorney representing the state in that court, who shall answer the application not later than the 15th day after the date the copy of the application is received. Matters alleged in the application not admitted by the state are deemed denied.

(c) Within 20 days of the expiration of the time in which the state is allowed to answer, it shall be the duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement. Confinement means confinement for any offense or any collateral consequence resulting from the conviction that is the basis of the instant habeas corpus. If the convicting court decides that there are no such issues, the clerk shall immediately transmit to the Court Of Criminal Appeals a copy of the application any

answers filed, and a certificate reciting the date upon which that finding was made. Failure of the Court to act within the allowed 20 days shall constitute such a finding.

(d) If the convicting court decides that there are controverted, previously unresolved facts which are material to the legality of the applicant's confinement, it shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating the issues of fact to be resolved. To resolve those issues the Court may order affidavits, depositions, interrogatories, additional forensics testing and hearings as well as using personal recollection. The State shall pay the cost of additional forensic testing ordered under this subsection, except that the applicant shall pay the cost of the testing if the applicant retains counsel for purposes of filing an application under this article. The convicting court may appoint an attorney or a magistrate to hold a hearing and make findings of fact. An attorney so appointed shall be compensated as provided in Article 26.05 of this code. It shall be the duty of the reporter who is designated to transcribe a hearing held pursuant to this article to prepare a transcript within 15 days of its conclussion. On completion of the transcript, the reporter shall immediately transmit the transcript to the clerk of the convicting court. After the convicting court makes findings of fact or approves the findings of the person designated to make them the clerk of the convicting court shall immediately transmit to the Court Of Criminal Appeals, under one cover the application any answers filed any motions filed, transcripts of all depositions

and hearings any affidavits, and any other matters such as official records used by the court in resolving issues of fact. Defendant Myran Kelley submitted a Habeas Corpus (Article 11.07) In June of 2014 to Dallas District Clerk Gary Fitzsimmons George L. Allen Sr. Courts Building, 600 Commerce St., 1st Fl. Dallas, Texas 75202-4606 Phone # (214) 653-7149 In Appellant's first ground for relief, he claims that the assistance he received from his trial counsel was ineffective As to current date the Trial Court unresolved facts material to the Appellant's Confinement Exist. On July 8, 2014. Honorable Judge Lena Levario. From the 204th Judicial District Court, Frank Crowley Courts Building, 133 N. Riverfront Blvd,. 7th Floor LB 29. Ordered Trial Counsel Scottie Allen to provide the Court with an affidavit addressing the issue of ineffective assistance of counsel. Deadline for affidavit was August 14, 2014. As of current date, no response has been submitted to Trial Court addressing the issue of ineffective assistance of counsel. By Trial Counsel Scottie Allen. Therefore, confirming ineffective assistance of counsel. As of current date there has not been a ruling on errors 6 through 20. Of my Habeas Corpus (Article 11.07)

Re: Case No. PD-1070
COA# 05-09-01438-CR
TC#F06-72844-WQ
Writ No. W06-72844-Q (A)
WR-82,432-02
Writ No. W06-72844-Q (B)